## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAKO DENMARK A/S and DAKO NORTH AMERICA, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| LEICA MICROSYSTEMS, INC. and LEICA MICROSYSTEMS Gmbh, | )<br>)<br>) |
| Defendants. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Dako Denmark A/S and Dako North America, Inc. (collectively "Dako" or "Plaintiffs"), by and through their attorneys bring this Complaint and Demand for Jury Trial against Defendants Leica Microsystems, Inc. and Leica Microsystems Gmbh (collectively "Leica" or "Defendants") as follows:

### THE PARTIES

1. Dako Denmark A/S is a corporation organized under the laws of Denmark and maintains offices at Produktionsvej 42, DK-2600 Glostrup, Denmark.

2. Dako North America, Inc. is a corporation organized under the laws of the State of California and maintains its principal place of business as 6392 Via Real, Carpinteria, California 93013.

3. On information and belief, Defendant Leica Microsystems, Inc. is a corporation organized under the laws of the State of Delaware and maintains its principal place of business at 1700 Leider Ln, Buffalo Grove, Illinois 60089.

```
```

4. On information and belief, Defendant Leica Microsystems Gmbh is a corporation organized under the laws of Germany and maintains is principal place of business at Ernst-Leitz-Str. 17-37, 35578 Wetzlar, Hessen, Germany.

## JURISDICTION AND VENUE

5. These claims arise under the Patent Laws of the United States, Title 35 U.S.C. §§ 101 *et seq*. Jurisdiction in this Court over these claims is proper pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400.

7. Upon information and belief, Defendants are subject to personal jurisdiction in this district arising out of their contacts within this District, including, but not limited to, Defendant Leica Microsytems, Inc.'s incorporation in the State of Delaware. Defendants' contacts with this District are systematic and continuous, and Dako's claims arise out of, or are related to, Defendants' contacts with this District.

8. Upon information and belief, Defendants' contacts include, but are not limited to, one or more acts of selling, using, importing and/or offering for sale infringing products in this District, by which Defendants have purposefully availed themselves in the District of Delaware.

## FACTUAL BACKGROUND

9. On June 9, 2004, inventors Steven A. Bogen, Herbert H. Loeffler, and John A. Purbrick, filed Patent Application No. 10/864,620 in the United States. This application issued as U.S. Patent No. 7,217,392 B2, entitled "Random Access Slide Stainer with Independent Slide Heating Regulation." A true and correct copy of U.S. Patent No. 7,217,392 is attached to the Complaint as Exhibit A.

10. On its face, U.S. Patent No. 7,217,392 states that it is a division of application No. 10/027,746, filed on Dec. 20, 2001, now U.S. Patent No. 6,783,733, which is a continuation of application No. 09/688,619, filed on Oct. 16, 2000, now U.S. Patent No. 6,541,261, which is a division of application No. 09/032,676, filed on Feb. 27, 1998, now U.S. Patent No. 6,183,693.

11. The '392 patent is presumed valid under 28 U.S.C. § 282 and remains enforceable.

12. On May 14, 2007, these same inventors filed Patent Application No. 11/803,545 in the United States. This application issued as U.S. Patent No. 7,553,672 B2, entitled "Random Access Slide Stainer with Independent Slide Heating Regulation." A true and correct copy of U.S. Patent No. 7,553,672 is attached to the Complaint as Exhibit B.

13. On its face, U.S. Patent No. 7,553,672 states that it is a continuation of application No. 10/864,620, filed on Jun. 9, 2004, now U.S. Patent No. 7,217,392.

14. The '672 patent is presumed valid under 28 U.S.C. § 282 and remains enforceable.

15. Upon information and belief, Defendants have been and are now making, using, selling, importing and/or offering to sell within the United States, Immunohistochemistry ("IHC") and In Situ Hybridization ("ISH") stainer systems, including but not limited to the Bond-Max and Bond-III systems.

16. Upon information and belief, Defendants have been and are now advertising, encouraging, and inducing consumers, through Defendants' website, among other things, to use the aforementioned IHC and ISH products. Upon information and belief, Defendants have had actual knowledge of either the '392 patent or the '672 patent, or both.

17. As set forth in Count I below, Dako now brings this action to enforce U.S. Patent Nos. 7,217,392 and 7,553,672, against Leica for Leica's infringing conduct in the United States.

## COUNT I: PATENT INFRINGEMENT OF U.S. PATENT 7,217,392

18. Dako hereby restates and realleges the allegations set forth in Paragraphs 1-17 above and incorporates them by reference.

19. Dako Denmark A/S is the owner of all right, title, and interest in U.S. Patent No. 7,217,392 (the "'392 patent"), entitled "Random Access Slide Stainer with Independent Slide Heating Regulation," duly and legally issued on May 15, 2007.

20. Defendants have infringed and continue to infringe the '392 patent under 35 U.S.C. § 271 by making, using, selling, importing and/or offering to sell within the United States products that embody one or more claims of the '392 patent, or by contributing to the infringement of the '392 patent, inducing others to infringe the '392 patent, or carrying out other acts constituting infringement under 35 U.S.C. § 271(f). Such infringing conduct includes making, using, selling, importing or offering to sell the Bond-Max and Bond-III systems.

21. Defendants do not have a license or permission to use the claimed subject matter in the '392 patent.

22. In a letter dated October 19, 2010, counsel for Dako provided notice to Leica of the '392 patent and its infringing conduct.

23. Despite knowledge of the '392 patent at least as early as October 19, 2010, Defendants continue to commit acts of infringement. Defendants' continued infringement of the '392 patent is deliberate and willful, making this an exceptional case within the meaning of the United States Patent Laws.

24. As a direct and proximate cause of Defendants' infringement of the '392 patent, Dako has been injured and has been caused significant damage, financial and otherwise, in an

amount to be proven at trial. Dako has no adequate remedy at law against Defendants' acts of infringement, and unless it is enjoined by the Court, Dako will suffer irreparable harm. The damage and injury, financial and otherwise, to Dako will continue unless Defendants' infringing conduct is enjoined.

## COUNT II: PATENT INFRINGEMENT OF U.S. PATENT 7,553,672

25. Dako hereby restates and realleges the allegations set forth in Paragraphs 1-24 above and incorporates them by reference.

26. Dako Denmark A/S is the owner of all right, title, and interest in U.S. Patent No. 7,553,672 (the "'672 patent"), entitled "Random Access Slide Stainer with Independent Slide Heating Regulation," duly and legally issued on June 30, 2009.

27. Defendants have infringed and continue to infringe the '672 patent under 35 U.S.C. § 271 by making, using, selling, importing and/or offering to sell within the United States products that embody one or more claims of the '672 patent, or by contributing to the infringement of the '672 patent, inducing others to infringe the '672 patent, or carrying out other acts constituting infringement under 35 U.S.C. § 271(f). Such infringing conduct includes making, using, selling, importing or offering to sell the Bond-Max and Bond-III systems.

28. Defendants do not have a license or permission to use the claimed subject matter in the '392 patent.

29. In a letter dated October 19, 2010, counsel for Dako provided notice to Leica of the '672 patent and its infringing conduct.

30. Despite knowledge of the '672 patent at least as early as October 19, 2010, Defendants continue to commit acts of infringement. Defendants' continued infringement of the '672 patent is deliberate and willful, making this an exceptional case within the meaning of the United States Patent Laws.

31. As a direct and proximate cause of Defendants' infringement of the '672 patent, Dako has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial. Dako has no adequate remedy at law against Defendants' acts of infringement, and unless it is enjoined by the Court, Dako will suffer irreparable harm. The damage and injury, financial and otherwise, to Dako will continue unless Defendants' infringing conduct is enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, Dako prays for judgment against Defendants as follows:

A. That the Court enter judgment in Dako's favor and against the Defendants on each and every count in the Complaint;

B. That Defendants be found to have infringed the '392 patent in violation of 35 U.S.C. § 271;

C. That Defendants be found to have infringed the '672 patent in violation of 35 U.S.C. § 271;

D. That Defendants be found to have willfully infringed the '392 patent;

E. That Defendants be found to have willfully infringed the '672 patent;

F. That Defendants pay Dako all damages which are available pursuant to 35 U.S.C. § 284, including but not limited to treble damages for any willful infringement by Defendants;

G. That an injunction, temporary and/or permanent, issue enjoining Defendants and their respective agents, servants, officers, directors, employees, subsidiaries, affiliates, joint ventures and all person acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '392 patent;

H. That an injunction, temporary and/or permanent, issue enjoining Defendants and their respective agents, servants, officers, directors, employees, subsidiaries, affiliates, joint

ventures and all person acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '672 patent;

I. An order requiring Defendants to deliver for destruction all infringing products in their possession;

J. If a permanent injunction is not granted, a judicial determination of the conditions for future infringement such as a royalty-bearing compulsory license or such other relief as the Court deems appropriate;

K. That Defendants be ordered to make an accounting of its sales, profits, royalties, and damages owing to Dako, including a post-judgment equitable accounting of damages for the period of infringement of the '392 patent following the period of damages established by Dako at trial;

L. That Defendants be ordered to make an accounting of its sales, profits, royalties, and damages owing to Dako, including a post-judgment equitable accounting of damages for the period of infringement of the '672 patent following the period of damages established by Dako at trial;

M. A finding that this case is exceptional pursuant to 35 U.S.C. § 285;

N. That Defendants pay attorneys' fees pursuant to 35 U.S.C. § 285;

O. That Defendants pay pre-judgment and post-judgment interest;

P. That Dako be awarded its costs, fees, and expenses in this action; and

Q. That Dako be awarded any such other and further relief as this Court deems just, equitable, and proper.

## JURY DEMAND

A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Christine E. Lehman
Anthony C. Tridico
P. Andrew Riley
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER LLP
901 New York Ave. N.W.
Washington, DC 20007
Tel: (202) 408-4000

Dated: May 3, 2011
1011368 / 36760

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs Dako Denmark A/S and Dako North America, Inc.*